THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERIC R. EHN, Defendant-Appellant.

(Nos. 73-32, 73-33 cons.; 

Second District—October 10, 1973.

Frank Wesolowski, Jr., Public Defender, of Wheaton, (Robert H. Heise, Assistant Public Defender, of counsel,) for appellant.

William V. Hopf, State's Attorney, of Wheaton, for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The two cases herein involve separate indictments and separate pleas. In the trial court the hearings in one case were allowed to stand in the other. In these appeals exactly the same issues are raised. On this court's own motion the two cases were consolidated.

In each case defendant plead guilty to a charge of forgery and made application for probation. Probation was denied on July 29, 1972 and he was sentenced in each case to the Illinois State Penitentiary for a term not less than eighteen months nor more than five years to be served concurrently.

The Public Defender was appointed to represent the defendant and has filed a petition to withdraw in each case for the reason that the appeals are entirely without merit. Defendant has received a notice of the petition and has filed a *pro se* document, which we have allowed to stand in each case, contending in general that he was denied due process of law; that he was incompetent at time of trial; that he had inadequate representation at the trial; and that the State's Attorney improperly influenced the grand jury. This pleading was taken with each case. At the outset it is summarily determined from examination of the record that defendant's contentions are without merit.

Turning then to the identical issues presented by the Public Defender in each case, they are as follows: (1) whether the trial court properly admonished the defendant before acceptance of his plea of guilty; (2) whether the defendant's plea of guilty was voluntarily and intelligently entered; (3) whether the trial court abused its discretionary powers in denying defendant's application for probation; and (4) whether the imposition of a sentence of eighteen months to five years concurrently with another charge of forgery was an abuse of discretion.

■■ The first case before us pertains to the forgery of an American Telephone and Telegraph Company check in the sum of $183 cashed at the Itasca State Bank by the defendant on November 23, 1971. And in the second case, the defendant forged and cashed an American Telephone and Telegraph Company check in the amount of $194 at a Jewel Food Store on November 24, 1971. Parenthetically, defendant admitted at his hearing on probation that he had forged and cashed similar checks totaling about $800. We have carefully examined each record and first find that the defendant was adequately represented by the Public Defender appointed for him. Secondly, we find that the trial court properly admonished the defendant in detail as to his rights under Supreme Court Rule 402(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 402 (a)). Further, we find that defendant was questioned in detail by the court as to whether or not his plea of guilty was voluntarily and intelligently made. As to defendant's contention that the court abused its discretionary powers in denying probation, examination of the record indicates that at the time of the hearing on application for probation and at the time of the plea herein, the defendant was incarcerated in the Bridewell in Chicago upon a conviction of aggravated battery and was produced in the trial court in Du Page County by a writ of habeas corpus. We further find that the defendant was found guilty of burglary in the year 1961, was granted probation, violated his probation, and was sentenced for a period of 2-5 years on that charge of burglary. Under the facts of this case, the trial court did not abuse its discretion in

denying probation under the above circumstances. Further, in view of defendant's record, the fact that he was in jail in Cook County upon a conviction of aggravated battery involving a sawed-off shot gun at the time of the probation hearing herein and in view of the fact that he was convicted of two forgeries herein, the sentence of the court imposed is likewise not an abuse of discretion.

After a total review of the record (as required by *Anders v. California* (1967), 386 U.S. 738, 18 L.Ed.2d 493, 498, 87 S.Ct. 1396), we conclude that the appeal herein lacks merit.

■■ The motion to withdraw is allowed and the judgment of the trial court is affirmed.

Motion to withdraw allowed; judgment affirmed.

T. MORAN and SEIDENFELD, JJ., concur.